**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DA'VHON YOUNG,**

    **Plaintiff,**

vs.                                   Case No. 4:23-cv-00289-WS-MAF

**OFFICER ROBERT KELLY,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to prosecute this case and because Plaintiff failed to comply with the Court's order to amend.

**I.  Relevant Procedural History**

Plaintiff is no stranger to the federal courts. The instant case is Plaintiff's fourth attempt to sue Defendant Kelly.[1] In earlier cases, the Court advised Plaintiff on the proper way to proceed; and, repeatedly, he ignored

---

[1] The Court will not list Plaintiff's cases because Plaintiff is obligated to disclose his federal litigation history. The Court will not assume Plaintiff's responsibility.

the Court's directives. Plaintiff did not use the proper form and did not include a signature block. ECF No. 1. The case style on the filing implicates one of Plaintiff's state criminal cases, specifically, Leon County Case No. 2019CF1992. Id. Plaintiff included his inmate account statements from January 1, 2023, through June 12, 2023. ECF No. 1, pp. 16-20. Plaintiff did not file an application to proceed *in forma pauperis* (IFP) and did not pay the filing fee.

The Court reviewed the filing, struck it as an improper pleading, advised Plaintiff of the deficiencies, and ordered him to amend his complaint on the proper form by August 11, 2023. ECF No. 3. The Court also ordered Plaintiff to file a complete IFP application or, alternatively, pay the $402 filing fee by the same deadline. Id. As of the date of the drafting of this Report, Plaintiff has failed to prosecute the case and failed to comply with the Court's order. Dismissal is appropriate.

**II.    Plaintiff's Complaint, ECF No. 1.**

Liberally construed, Plaintiff alleges that Defendant Kelly and the Tallahassee Police Department violated his First-, Fourth-, Fifth-, Eighth-, and Fourteenth Amendment rights. ECF No. 1, pp. 8. According to Plaintiff, on June 9, 2019, Kelly arrested Plaintiff; Plaintiff was incarcerated as a result. Id., pp. 2, 5. Plaintiff alleges the arrest and detention was unlawful, malicious,

and without cause. Id., pp. 4, 7-9. Plaintiff claims the arrest and imprisonment caused him humiliation and damaged his reputation. Id., p. 5. Plaintiff was acquitted on January 24, 2022. Id., p. 6. Plaintiff provides absolutely no set of facts relating to the arrest, the charges, or any damages he incurred as a result. Plaintiff seeks punitive damages and the cost of this litigation but fails to articulate any specific amount. Id., pp. 9-11.

## III. Discussion

### A. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178

F.3d 1373, 1374 (11th Cir. 1999). Plaintiff did not file an amended complaint on the proper form or an IFP application; and he did not pay the filing fee. Finally, the Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss this action. ECF No. 3.

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on August 21, 2023.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline

that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).